UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


JEFFREY WARREN,

        Plaintiff,

v.                              Civil Action No. 2:18-cv-1397

BRANCH BANKING AND TRUST CO.,
EQUIFAX INFORMATION SERVICES, LLC,
TRANSUNION, LLC, EXPERIAN INFORMATION
SOLUTIONS, INC.,

        Defendants.


MEMORANDUM OPINION AND ORDER


        Pending is the plaintiff's motion, filed November 1,

2018, with accompanying memorandum in support of plaintiff's

motion, filed November 29, 2018, requesting leave to file under

indefinite seal the complaint and exhibit attached thereto.


        Plaintiff contends that sealing is necessary inasmuch

as "many of the counts contained in the complaint include

reference to items covered by a confidential settlement

agreement attached as Exhibit A to the Complaint."  Pl.'s Mot.,

ECF No. 1, at 4.  The complaint asserts claims for violation of

the Federal Fair Credit Reporting Act, the common law tort of

defamation, and breach of the aforementioned settlement

agreement.  Compl., ECF No. 1-1, at 1.  The plaintiff further contends that redaction is insufficient, as his claims deal entirely with the settlement agreement and disclosure of the complaint might place the parties at a disadvantage in this matter.  Id. at 1-2.

The court first notes that "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case."  Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000).  The right of public access to court documents derives from two separate sources: the common law and the First Amendment.  The common law right affords presumptive access to all judicial records and documents.  Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988).  Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access.  Nixon, 435 U.S. at 598-99, 602-03; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984).  Quoting Knight, our court of appeals observed as follows:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage;

whether release would enhance the public's
understanding of an important historical event; and
whether the public has already had access to the
information contained in the records."

Virginia Dept. of State Police v. Washington Post, 386 F.3d 567,
575 (4th Cir. 2004) (quoting Knight, 743 F.2d at 235) (emphasis
supplied).

Assuming the First Amendment right applies to these
particular documents, the movant's burden is more substantial.
To obtain a sealing order under the First Amendment rubric, the
movant must show "the denial [of access] is necessitated by a
compelling governmental interest, and is narrowly tailored to
serve that interest." Globe Newspaper Co. v. Superior Court,
457 U.S. 596, 606-07 (1982); Virginia, 386 F.3d at 573; Stone,
855 F.2d at 180.

The plaintiff has not made the showing necessary to
obtain a sealing order. In the interests of justice, however,
the court will provide a further opportunity to make the
required showing. In preparing the amended motion, plaintiff
should consider at least two objectives. First, plaintiff
should submit, in detail, his best justifications for a sealing
order. Second, rather than seeking a sealing order as to all
the materials in their entirety, plaintiff must present with its

3

justification for sealing a set of redacted documents that
would, in his estimation, be suitable for viewing on the public
docket.  This approach recognizes the need for confidentiality
as to some material while at the same time assuring that the
narrow exception for secrecy extends no further than absolutely
necessary in a given case.  The right of public access is
paramount.

In addition, plaintiff should state whether the
sealing is requisite because the settlement agreement, if it
does, requires confidentiality, as well as whether Branch
Banking and Trust Company is known to require continued
confidentiality.

Accordingly, it is ORDERED that the plaintiff's motion
to seal be, and hereby is, provisionally granted pending the
further order of the court.  The plaintiff is directed to file,
on or before January 7, 2019, an amended motion to seal that
contains the necessary detail in compliance with the
aforementioned standards.  Additionally, assuming service of
process upon them, the defendants are directed to respond
similarly under seal to the amended motion to seal
simultaneously with their answer or other response to the
complaint.  The plaintiff may then reply to the defendants'

4

response within fourteen days.

The Clerk is directed to forward this memorandum opinion and order to all counsel of record and any unrepresented parties. Counsel for the plaintiff is directed to then provide a courtesy copy to counsel for the defendants by electronic mail within two days after entry of this order, reflecting such service in a notice to be spread on the record by plaintiff no later than two days after the electronic mailing, with a copy of the electronic mail and any attachments appended to the notice.

DATED: December 20, 2018

John T. Copenhaver, Jr.
Senior United States District Judge